UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARVIN L. BOOTH,

                Plaintiff,

   v.

JOHN C. PIOLI,

                Defendant.

No. C10-5204 RBL/KLS

REPORT AND RECOMMENDATION
**Noted For : November 5, 2010**

Before the court is Defendant's Motion to Dismiss. Dkt. 12. In response, Plaintiff Marvin L. Booth filed a motion to strike Defendant's motion to dismiss. Dkt. 13. Defendant filed a reply. Dkt. 14. Having carefully reviewed the motion, Plaintiff's opposition, balance of the record, and resolving all doubts in Plaintiff's favor, the undersigned recommends that Defendant's motion to dismiss should be granted in part and denied in part, and that Plaintiff should be given an opportunity to file an amended complaint to cure the deficiencies noted herein as to his claim of racial discrimination only.

## BACKGROUND

On March 24, 2010, Plaintiff, Marvin L. Booth, filed a proposed civil rights complaint and a motion for leave to proceed *in forma pauperis*. Dkt. 1. On May 26, 2010, the court granted Plaintiff's motion to proceed *in forma pauperis* and docketed his complaint. Dkts. 5 and 6. Mr. Booth alleges that Defendant John C. Pioli refused to grant him the privilege "to be free from unlawful restraint" for the purpose of burying his son, in violation of his First and

REPORT AND RECOMMENDATION - 1

Fourteenth Amendment rights. Dkt. 6, p. 3. He also claims that the Department of Corrections failed to assist him with filing a grievance on this issue. *Id.*

Mr. Booth alleges further that Defendant Pioli improperly permitted "hate to interfere with a colored person's constitutional right protected in the Fifth Amendment of the United States." *Id.*, p. 4. Mr. Booth seeks a change in the temporary release policies of the Department of Corrections. *Id.*

On July 23, 2010, Defendant Pioli filed a motion to dismiss. Dkt. 12. Defendant argues that Plaintiff's claims should be dismissed (1) for failure to give Defendant fair notice of claims and underlying grounds pursuant to Fed. R. Civ. P. 8(a); (2) for failure to allege personal participation; and, (3) for failure to plead the deprivation of Constitutional rights. Defendant also requests that the court stay all discovery pending resolution of his motion to dismiss. *Id.*, pp. 13-14.

**STANDARD OF REVIEW**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of public records. (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be

REPORT AND RECOMMENDATION - 2

dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b) (6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir.1988). The court has an obligation, particularly in civil rights actions, to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Iqbal* held that the plausibility standard announced in *Twombly* means that Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

REPORT AND RECOMMENDATION - 3

Before the court may dismiss a pro se complaint for failure to state a claim, it must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).  However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### PLAINTIFF'S MOTION TO STRIKE

Plaintiff entitled his response in opposition to Defendant's motion to dismiss as "Reply Brief of Plaintiff Motion to Strike Defendant's Dismissal."  Dkt. 13.

A motion to strike is a drastic remedy which is disfavored by courts and infrequently granted.  *International Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Intern. Terminals, Inc.*, 904 F. Supp. 500 (E.D. Va. 1995); *see also Western Pub. Co., Inc. v. MindGames, Inc.*, 944 F. Supp. 754 (E.D. Wis. 1996), *affirmed* 218 F.3d 652, *rehearing and rehearing en banc denied, cert. denied* 531 U.S. 1126, 121 S. Ct. 882, 148 L.Ed.2d 791 (Motions to strike are generally disfavored and information will not be stricken unless it is evident that it has no bearing upon subject matter of litigation.). Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Defendant's motion to dismiss was timely, and was neither, redundant, immaterial, impertinent nor scandalous.  Therefore, the undersigned recommends that Plaintiff's motion to strike be denied.

REPORT AND RECOMMENDATION - 4

## DISCUSSION

**A.     Fair Notice of Claims and Personal Participation**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Mr. Booth's complaint is filled with constitutional citations with little explanation about which subpart, right, or even subject matter is at issue.  Dkt. 6 at 3, ¶¶ 1, 3; 4 ¶ 4.  For example, the complaint alleges that there was a "failure to make discovery on DOC 340.000 and RCW 72.01.375- This violate (sic) constitution fourteenth amendment where employee omitted Marvin L. Booth funeral confirmation notice."  Dkt. 6 at 3, ¶ 1.  However, there are no factual allegations from which it can be determined or inferred what is meant by "failure to make discovery," who the allegation is made against, and whether the allegation is related to the denial of the funeral furlough. Mr. Booth also references a "TRO" in his complaint, but the meaning of this abbreviation is not made clear.  Dkt. 6 at 2 and 3.  Although Defendant logically speculates that "TRO" may refer to a temporary release order (which is essentially analogous to furlough leave), it could also refer to a request for a court ordered temporary restraining order.

REPORT AND RECOMMENDATION - 5

Mr. Booth also fails to allege facts specific to the conduct of John C. Pioli giving rise to any constitutional claim. For example, Mr. Booth alleges that "[t]he conduct of John C. Pioli deprived Marvin L. Booth the right to receive privilege, to bury his son." Dkt. 6 at 3, Section IV. However, Mr. Booth does not explain what Defendant Pioli did to deprive him of his rights and when such conduct occurred. There is a reference to a November 2008 fax, but there are no further facts indicating when anything else occurred. *See* Dkt. 6 at 4, Section V.

Mr. Booth also alleges that "the Dept. of Corrections did not help me with my grievance." *Id.* at 3, ¶ 2. However, the Department of Corrections is not a party to this lawsuit.

Additionally, Mr. Booth's discrimination claims under 42 U.S.C. § 1983 contain nothing more than broad conclusory allegations and a vague question about "a department of correction employee." *Id.* at 1, handwritten preamble question. These statements are insufficient to show how any action or inaction by Mr. Pioli resulted in or contributed to the deprivation of Mr. Booth's rights. The complaint alleges only that "Mr. John C. Pioli improperly permitted "hate" to interfere with a colored persons constitutional right protected in the Fifth Amendment of the United States." *Id.* at 4, ¶ 4. However, this statement is a legal conclusion lacking a factual foundation from which a link to the actions or inactions of Mr. Pioli may be drawn.

In his response, Mr. Booth attempts to assert additional facts. However, in determining the sufficiency of Mr. Booth's complaint on a motion to dismiss, the court's review is limited to the facts alleged within the complaint itself. Based on those facts, Mr. Booth has failed to plead with sufficient specificity the personal participation of Defendant Pioli in the deprivation of his rights. However, as discussed below, the undersigned recommends that Mr. Booth be given an opportunity to amend his complaint to state facts from which a reasonable inference of discrimination against Defendant Pioli can be made. In an amended complaint, he may state

REPORT AND RECOMMENDATION - 6

with specificity what, when and how Defendant Pioli allegedly discriminated against him. However, the court finds that leave to amend would be futile as to Mr. Booth's remaining claims as he has no protected liberty interest in either a furlough or grievance process.

**B.      Stating a Claim Under Section 1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

      **1.      Denial of Furlough To Attend Son's Funeral**

The gist of Mr. Booth's complaint is that he was not granted permission to leave prison to attend the funeral of his son. Dkt. 6, p. 3, Section IV, ¶ 3. He also appears to allege that Defendant Pioli denied him due process when Defendant Pioli failed to "make discovery" relating to Mr. Booth's furlough request. *Id.* at 3, Section IV, ¶ 1.   Mr. Booth, however, has no protected interest in release prior to the expiration of his valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668

REPORT AND RECOMMENDATION - 7

(1979). Because the Department of Corrections may exercise discretion in the grant or denial of furlough, there is no state created liberty interest in such status. See *In re Dowell*, 100 Wash.2d 770, 674 P.2d 666 (1984); *Baumann v. Arizona Department of Corrections*, 754 F.2d 841 (9th Cir.1985). Mr. Booth may not, therefore, obtain any relief under § 1983 for any infringement upon his request for furlough.[1]

### 2. Assistance in Grievance Process

Mr. Booth alleges that "the Department of Corrections did not help me with my Grievance." Dkt. 6 at 3, ¶ 2. This claim fails for two reasons. First, as noted above, the Department of Corrections is not a party to this case. Second, Mr. Booth cannot state a cognizable claim under § 1983 for failure to process grievances because prisoners have no standalone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for Mr. Booth's due process rights to have been violated by ignoring his grievances or failing to properly process them. Other district courts in this circuit have reached the same conclusion. *See Smith v. Calderon*, 1999 WL 1051947 (N.D.Cal.1999) (failure to properly process grievances did not violate any constitutional right); *Cage v. Cambra*, 1996 WL 506863 (N.D.Cal.1996) (prison officials' failure to properly process and address grievances does not support constitutional

---

[1] Plaintiff cites Revised Code of Washington 72.01.375 and Department of Corrections Policy 340.000 in support of his due process claims. Dkt. 6, p. 3, Section IV, ¶ 1. RCW 72.01.375 provides that an inmate shall not be allowed to start a leave of absence under RCW 72.01.370 until the secretary, or the secretary's designee, has notified any county and city law enforcement agency having jurisdiction in the area of the inmate's destination. Department Policy 340.000 outlines minimums for those who are to be considered for escorted leaves and furloughs.

REPORT AND RECOMMENDATION - 8

claim); *James v. U.S. Marshal's Service*, 319 Ark. 312, 891 S.W.2d 375, 1995 WL 29580 (N.D.Cal.1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); *Murray v. Marshall*, 1994 WL 245967 (N.D.Cal.1994) (prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

### 3.     Racial Discrimination

Mr. Booth alleges that the denial of his request for the furlough was done in a racially discriminatory manner barred by 42 U.S.C. § 1983. Dkt. 6 at 3, Section IV, ¶ 3, margin comment & 4, ¶ 4. He alleges that: "[Defendant] improperly permitted "hate" to interfere with a colored persons constitutional right" (Dkt. 6 and 4, ¶ 4); and, "Why did a father of color have a white staff refuse to release [plaintiff] to attend son funeral. …" (Dkt. 6 at 3, preamble para.). As noted above, Mr. Booth attempts to plead additional allegations in his response. Even if the court were to consider the new facts alleged in the response, these facts fail to show a discriminatory intent. In his response, Mr. Booth alleges that on November 17, 2008, he spoke with Defendant Pioli's supervisor who indicated that the issue of a furlough would have to be addressed at a DOC Hearing, and that Defendant Pioli would contact Mr. Booth. Dkt. 13, p. 9. Mr. Booth alleges that Defendant Pioli did not contact him, but also alleges that he had contact with Mr. Pioli on November 18 and 19, 2008. *Id.* at 9, 20. Mr. Booth further alleges that Mr. Pioli stated that Mr. Booth's son was shot because of Mr. Booth's gang affiliation. *Id.* at 20. This statement, taken as true for purposes of the motion to dismiss only, may be inappropriate and rude under the circumstances, however, it does not show or rise to the level of discriminatory intent.

REPORT AND RECOMMENDATION - 9

The Fourteenth Amendment's Equal Protection Clause "directs that 'all persons similarly circumstanced shall be treated alike.'"  *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982) (internal citations omitted).  On the other hand, "'[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.'"  *Id*.  In alleging that he is being discriminated against on the basis of race, Plaintiff seeks to invoke the protections afforded to a suspect class, requiring higher scrutiny of government action, with respect to his allegations concerning the refusal of Defendant Pioli to grant him a furlough.  *Johnson v. California*, 543 U.S. 499, 505, 125 S. Ct. 1141, 160 L.Ed.2d 949 (2005), quoting *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 207, 115 S. Ct. 2097, 132 L.Ed.2d 158 (1995) ("[w]e have held 'all racial classifications [imposed by government] ... must be analyzed by a reviewing court under strict scrutiny.") [Emphasis in *Johnson, supra*.] However, taking Mr. Booth's allegations as true as the court must on this motion to dismiss, Mr. Booth has simply alleged that he is "colored" and that his request for furlough was denied by a "white staff" person.  Noticeably absent are facts to show, for example that Defendant Pioli previously granted a white inmate's request for furlough under similar circumstances.

While a complaint subjected to a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff is obligated to provide a basis for his entitlement to relief beyond "labels and conclusions....[f]actual allegations must be enough to raise a right to relief above the speculative level...."  *Bell Atlantic v. Twombly*, 550 U.S. 544, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007).  Plaintiff must make more than a desperate stab at alleging racial discrimination than simply alleging that he was denied something he desired because he was of one color and the person denying his request was of another color.

REPORT AND RECOMMENDATION - 10

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

Mr. Booth should be given an opportunity to file an amended complaint to state facts from which a reasonable inference of discrimination could be made. Based on the foregoing, the undersigned recommends that:

(1) Defendant Pioli's motion to dismiss (Dkt. 12) be **GRANTED** as to Plaintiff's claims relating to the denial of his furlough request and failure to assist in the filing of a grievance;

(2) Defendant Pioli's motion to dismiss (Dkt. 12) be **DENIED** as to Plaintiff's claim relating to racial discrimination; that Plaintiff be given an opportunity to file an amended complaint to state facts from which a reasonable inference of discrimination can be made; and, that matter be re-referred to the undersigned;

(3) Plaintiff's motion to strike (Dkt. 13) be **DENIED**; and

(4) All discovery in this matter be **STAYED** pending further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 11

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 5, 2010**, as noted in the caption.

DATED this  12th  day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12