UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARVIN L. BOOTH,<br><br>                            Plaintiff,<br><br>   v.<br><br>JOHN C. PIOLI,<br><br>                            Defendant. | No. C10-5204 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br>Noted for:  January 14, 2010 |

Before the court is Defendant's Motion to Dismiss.  ECF No. 23.  Plaintiff has not filed a response.  His failure to do so may be viewed by the court as an admission that Defendant's motion has merit.  CR 7(b)(2).  Having carefully reviewed the motion, Plaintiff's Amended Complaint, and balance of the record, the undersigned finds that Defendant's motion to dismiss Plaintiff's Amended Complaint should be granted.

**BACKGROUND**

On March 24, 2010, Plaintiff Marvin L. Booth, filed a proposed civil rights complaint and a motion for leave to proceed *in forma pauperis*.  ECF No. 1.  On May 26, 2010, the court granted Plaintiff's motion to proceed *in forma pauperis* and docketed his complaint.  ECF Nos. 5 and 6. In his original complaint, Mr. Booth alleged that Defendant John C. Pioli refused to grant him the privilege "to be free from unlawful restraint" for the purpose of burying his son, in

REPORT AND RECOMMENDATION - 1

violation of his First and Fourteenth Amendment rights.  ECF No. 6, p. 3.  He alleged that the Department of Corrections failed to assist him with filing a grievance on this issue.  *Id.*  Finally, Mr. Booth alleged that Defendant Pioli improperly permitted "hate to interfere with a colored person's constitutional right protected in the Fifth Amendment of the United States."  *Id.*, p. 4.

On July 23, 2010, Defendant Pioli filed a motion to dismiss.  ECF No. 12.  On October 15, 2010, this court issued its Report and Recommendation, recommending that Plaintiff's claims relating to denial of his furlough request and failure to assist in the filing of a grievance be dismissed, but that Plaintiff be provided an opportunity to amend his claim relating to racial discrimination.  ECF No. 15, pp. 9-11.

In response to the Report and Recommendation, Plaintiff filed a Motion to Amend Complaint, a proposed Amended Complaint, and a Motion for Production of Documents.  ECF Nos. 15, 16, 16-1, 17.  The District Court entered an Order adopting the Report and Recommendation, dismissed Plaintiff's motion to amend as moot, and docketed Plaintiff's Amended Complaint.  ECF No. 20.  The Amended Complaint is docketed at ECF No. 24.

Defendant Pioli now moves to dismiss the Amended Complaint without further leave to amend, on the grounds that Plaintiff has again failed to plead any facts from which a reasonable inference of discrimination can be made and therefore, has failed to state a claim for which relief may be granted.

**STANDARD OF REVIEW**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708

REPORT AND RECOMMENDATION  - 2

F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of public records.  (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Dismissal under Fed. R. Civ. P. 12(b) (6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir.1988).  The court has an obligation, particularly in civil rights actions, to construe such pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  *Iqbal* held that the plausibility standard announced in *Twombly* means that Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-

REPORT AND RECOMMENDATION  - 3

harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice.  *Id*., quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*, quoting *Twombly*, 550 U.S. at 570.

Before the court may dismiss a pro se complaint for failure to state a claim, it must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).  However, leave to amend need not be granted where amendment would be futile or the Amended Complaint would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**DISCUSSION**

**A.     Fair Notice of Claims**

Under Fed. R. Civ. P. 8(a)(2), "the complaint [must provide] the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   The complaint must also include some statement of facts supporting plaintiff's legal theory.  *See Arizona Minority Coalition for Fair Redistricting v. Arizona Independent Redistricting Com'n*, 366 F. Supp. 2d 887, 910 (D. Ariz. 2005) (Fifteenth Amendment claim dismissed because plaintiffs did not support it with statement of facts).  The test is essentially whether the complaint's allegations are detailed and informative enough to enable the defendant to respond.  6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 (3d ed. 2004).  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009).  A court considering a motion to dismiss can choose to begin by

REPORT AND RECOMMENDATION  - 4

identifying pleadings that, because they are no more than conclusions, are not entitled to assumption of truth.  *Id.*

Plaintiff's Amended Complaint is deficient because it fails to notify Defendant Pioli of specific facts or series of events which gave rise to Plaintiff's claims.  The Amended Complaint contains only conclusory statements and legal conclusions.  *See* Dkt. 16-1.  For example, in his "Statement of Claim," Plaintiff states:  "Defendant deprived a color person a privilege to attends (sic) son funeral."  ECF No. 24, p. 2.  In his "Argument for Constitutional Relief," Plaintiff states:

>   (1)   If Marvin L. Booth was not a colored person he would have been selected by class  to attend son's funeral….
>
>   (2)   Acts of discrimination are not deemed a social phenomenon, depriving the infringement of constitutional relief showing a perpetrator denial to Marvin L. Booth the victim here.

*Id.* (Argument of Constitutional Relief).  These conclusory statements are not supported in the Amended Complaint by any facts.  The Amended Complaint also includes a stream of citations to case law, statutes, and quotes attributed to a 1978 article from the Minnesota Law Review (*Race, Racism and American Law*) and an inmate incarcerated in the same facility with the Plaintiff.  *Id.*, pp. 9-13.  However, Plaintiff includes no explanation or factual context to show how the cited authorities apply to his claim.   For example, Plaintiff alleges that violations of the First and Fourteenth Amendments occurred when he said "I want to attend my son's funeral."  *Id.*, p. 8.  *See also Id.*, p. 11 ("If John C. Piola was not a government employee there would be no law to protect a color [sic] person [Plaintiff] civil rights…."; "Mr. John C. Piola [perpetrator who (sic) conduct was done under color of State law took a (sic) oath through the eyes of

REPORT AND RECOMMENDATION  - 5

terrorism to destroy constitutional rights guarantee by statues in law, Prof. Nathanial James Davis, Jr., Scientist, L.S.A.T. 12/3/2005] ….").

The Amended Complaint fails to notify Defendant Pioli of the facts that support Plaintiff's claim that Defendant Pioli committed a constitutional violation when he denied Plaintiff's request to attend his son's funeral.  It is, therefore, recommended that the Amended Complaint be dismissed for failure to comply with Fed. R. Civ. P. 8(a).   Alternatively, and as described below, the Amended Complaint may be dismissed because Plaintiff has failed to state a claim for relief for racial discrimination.

**B.     Stating a Claim Under Section 1983 – Racial Discrimination**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Implicit in the second element is a third element of causation.  *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Fourteenth Amendment's Equal Protection Clause "directs that 'all persons similarly circumstanced shall be treated alike.'"  *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394,

72 L.Ed.2d 786 (1982) (internal citations omitted).  On the other hand, "'[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.'"  *Id*.  In alleging that he is being discriminated against on the basis of race, Plaintiff seeks to invoke the protections afforded to a suspect class, requiring higher scrutiny of government action, with respect to his allegations concerning the refusal of Defendant Pioli to grant him a furlough.  *Johnson v. California*, 543 U.S. 499, 505, 125 S. Ct. 1141, 160 L.Ed.2d 949 (2005), quoting *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 207, 115 S. Ct. 2097, 132 L.Ed.2d 158 (1995) ("[w]e have held 'all racial classifications [imposed by government] ... must be analyzed by a reviewing court under strict scrutiny.") [Emphasis in *Johnson, supra*.]

As noted above, the Amended Complaint contains nothing more than conclusory allegations devoid of facts to support Mr. Booth's discrimination claim.   Such "naked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice to overcome a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949 quoting *Twombly*, 550 U.S. at 557.  Even if the court were to consider these naked assertions as true, Mr. Booth has alleged only that he is a person of color and if he had not been a person of color, he believes that his request to attend his son's funeral would have been granted.  Although he was given an opportunity to plead the facts of his case, he has again failed to plead any facts showing or from which it could be inferred that Defendant Pioli's denial of Plaintiff's furlough request was motivated by a desire to discriminate against Plaintiff on the basis of his race.  For example, there are no facts to show that Defendant Pioli previously granted a white inmate's request for furlough under similar circumstances.

While a complaint subjected to a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff is obligated to provide a basis for his entitlement to relief

REPORT AND RECOMMENDATION  - 7

beyond "labels and conclusions....[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic v. Twombly*, 550 U.S. 544, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007).  Plaintiff must make more than a desperate stab at alleging racial discrimination than simply alleging that he was denied something he desired because he was of one color and the person denying his request was of another color. Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

It is recommended that the dismissal of Plaintiff's Amended Complaint be without further leave to amend.  A trial court's discretion to deny a motion for leave to amend is particularly broad where, as here, a plaintiff previously has been granted leave to amend. *Griggs v. Pace American Group, Inc*., 170 F.3d 877, 879 (9th Cir. 1999); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir.2008) (concluding that amendment would be futile where plaintiffs already filed an Amended Complaint containing the same defects as their original complaint and failed to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts); *Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) (Leave to amend a complaint is futile if the complaint would not survive a motion to dismiss or if the claim is frivolous.).

REPORT AND RECOMMENDATION  - 8

Plaintiff was previously granted leave to amend and was instructed as to the elements of a racial discrimination claim. However, he continues to fail to set forth any facts demonstrating racial discrimination or a discriminatory intent by Defendant Pioli. Because Plaintiff has demonstrated by his continued failure to plead any facts in support of his allegation of discrimination, leave to amend should not be granted because further amendment will be futile.

## CONCLUSION

For the reasons stated above, the undersigned concludes that Plaintiff's Amended Complaint should be dismissed with prejudice without leave to amend pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 14, 2011**, as noted in the caption.

DATED this  27th   day of December, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION  - 9